The next case on the calendar is Giannotti v. Teakwood, and I believe both parties are here. Mr. Giannotti, can you hear me? Yes, Your Honor. Good morning. Good morning. We're ready to proceed. Okay, I'm Charles Giannetti, the panelist pro se in this matter, and my actual statement this time will be relatively brief because I think the matter has been presented clearly in the felon's brief, and that there was basically no contradictory or opposing statements about what was said there, and under those circumstances, I would just reserve the rest of my time for rebuttal unless the Court has questions, of course. I have a question for you, Mr. Giannotti. Your complaint says that you're a member of Teakwood, is that correct? Well, I was a member. I don't think Teakwood exists anymore, but I had been a member. Yes, it was the original organization was taken over by Teakwood. It was called Discovery 76. That was the limited partnership at the beginning, and then Teakwood took it over several years, many years ago, but I don't think Teakwood exists anymore. But it is a defendant in this case. Yes, they're, what do you call it, they're subsequent parties that have taken over that are still liable for Teakwood actions, yes. Thank you. If you wanted to reserve the rebuttal time, we'll hear from Teakwood and then hear from you in rebuttal. Thank you. Good morning. May it please the Court. I'm Jack DeRoar, representing all the appellees. This case, we have to understand, has already been tried on the merits. And by the way, Mr. Giannotti, maybe I could ask you to go to mute because I'm hearing a noise. Will I be able to hear you? Yes, you will. This court, or this case, has already been tried in the merits, on the merits, in state court in Ohio. And if you look at the causes of action that have been alleged, they are identical, though not taken in the same order, that they were pled in Ohio. Eight of the 12 have been pled and were disposed of. The four that were new are two causes of action alleged against my law partner and me. What Dr. Giannotti is arguing is whether Res Judicata claim preclusion should have governed the status of this case in the district court in Connecticut. Well, of course it should have. We've had the same case already tried on the merits, the same parties, the same theories of relief. Everything that was tried or should have been tried has been had. Now, Dr. Giannotti says, well, you should have pled an affirmative defense. And then he's not clear about how the issue of Res Judicata should have been handled. But certainly, authority from this court and other circuit courts is that a motion to dismiss based on Res Judicata is appropriate because federal procedural law governs, federal procedural law governs that and permits an attack by way of Res Judicata at this stage. But really what Dr. Giannotti is asking for is even though he's had his day in court, even though the merits have been ruled upon, he wants another day in court. And that's just impermissible. Does the panel have any questions for me? I believe, I believe you may rest on your brief. Thank you. And we'll hear rebuttal. Mr. Giannotti. Thank you, Your Honor. Yes, again, Mr. DeRuiz arguing the merits of the case, but this isn't a merit of the case question. It's a procedural question. And the court, the district court ruled that federal procedure should apply here. And the whole issue is that my contention, of course, is that federal procedure shouldn't apply. Now, whether Mr. DeRuiz is right about Res Judicata or wrong about it is not the issue here. The issue is that it should be, what do you call it, adjudicated under the proper procedure. And that would be. And it's your argument that that would be Ohio law, not federal law. Absolutely, Your Honor. And Mr. DeRuiz recorded a case in there. He sort of cut the baby in half. Hillman, that said, gave a bunch of criteria for Res Judicata is fine. But the other half of that case said that in Ohio, you can't make a motion to dismiss based on Res Judicata in a 12-6-B motion. In their 12-B-6, whichever it is, 12-B-6. Their rules which parallel the federal rules, though, specifically say Res Judicata, a motion to dismiss Res Judicata is not permitted in that motion, which is what basically gone here. And then my whole argument was directed to the substantive law rule under the enabling, I'm sorry, the law that says, I mean, the ruling, yes, I'm sorry, the Rules Enabling Act. And this would not be allowed under that because it a state substantive law or rule. But you understand your adversary's argument is that you're mistaken about this. This is a procedural matter. And under the federal rules of civil procedure, it works differently than Ohio law. And a court can dismiss a complaint on Res Judicata grounds when the issue can be resolved from the face of the complaint. Yeah, yes, but that's the whole issue. That's the whole question is that I don't believe that that that federal law would apply here. I believe the procedural law would be state law. I think we understand the difference between both of you. And thank you. It's set out very clearly in your briefs. So we will take the matter under advisement. Thanks for the very well presented remote argument. Thank you. And that's the last case on the calendar to be argued this morning. So I will ask the clerk to adjourn court. Court spends adjourned. We're done. Goodbye. Thank you. Judge Gears, can you hear me? I can. So for the for the conference, if I could have if you could tell me which number they could call you on because they're going to call you from the back. Okay. I have a number. So you just got to tell me which one I could use. Yeah, it's the 203 number. Okay. Thank you, Judge. And I think I think I hear the phone ringing now. Okay. All right. Thank you. You're welcome.